UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| GRANT HOLBROOK, )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>FEDERAL BUREAU OF )<br>INVESTIGATION, )<br> )<br>   Defendant. ) | Civil Action No. 2: 25-140-DCR<br><br>**MEMORANDUM ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Grant Holbrook has filed a *pro se* civil rights Complaint asserting claims against the Federal Bureau of Investigation ("FBI"). [Record No. 1] Holbrook asserts in a single sentence that the FBI violated his rights under the Fourth Amendment when, "[o]n or around late May 2025, the FBI searched and seized a phone related to me." *See id*. at 3-4. He seeks monetary damages. *See id*. at 5. And Holbrook has paid the requisite filing fee. [Record No. 1-3]

A federal court must determine if it possesses subject matter jurisdiction in each case. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018). Further, the Court may raise the issue upon its own motion. Fed. R. Civ. P. 12(h)(3); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). In this case, Holbrook's action is barred by the sovereign immunity enjoyed by the United States and its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is

jurisdictional in nature.") (citation omitted); *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("The United States 'is immune from suit save as it consents to be sued.'"). Holbrook's Complaint, therefore, is subject to dismissal for lack of subject matter jurisdiction.

It is true that "a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In a civil case filed by a plaintiff who is not a prisoner and who pays the filing fee, a district court must notify the plaintiff if it intends to dismiss the complaint and permit him to object or amend the complaint. *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). But those requirements do not apply to a without-prejudice dismissal for lack of subject matter jurisdiction, including but not limited to, allegations or claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" under *Apple*. *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). *See also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("The district court concluded it lacked jurisdiction because Carver's claims … were all barred by sovereign immunity. Sovereign immunity is indeed a jurisdictional bar. So the district court was quite correct that, as a general matter, it could *sua sponte* dismiss the complaint.") (citation omitted). Therefore, the Court dismisses this action without prejudice. Accordingly, it is hereby

**ORDERED** as follows:

1. The Complaint [Record No. 1] is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. This action is **STRICKEN** from the docket.

-3-

Dated: October 6, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky

Case: 2:25-cv-00140-DCR    Doc #: 5    Filed: 10/06/25    Page: 3 of 3 - Page ID#: 19